IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01848-WDM-BNB

CLARENCE A. WALKER,

Plaintiff,

v.

CHIEF SPENCE,
CAPTAIN BAY,
LIEUTENANT MARTIN,
SARGEANT WISCAMB,
SARGEANT ASPINOL,
DEPUTY GOFF,
DEPUTY KILLIAM, and
DEPUTY SEXTON,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following papers filed by the plaintiff (the "Papers"):

1. **Motion to Proceed with Preliminary Injuction** [sic] **Without Payment** [Doc. #26, filed 11/7/07];

2. **Preliminary Injunction** [Doc. #27, filed 11/7/07];

3. **Memorandum of Law** [Doc. #28, filed 11/7/07]; and

4. **Requesting Information on Preliminary Injunction** [Doc. #32, filed 11/13/07].

On October 22, 2007, the plaintiff filed his first motion for preliminary injunction [Doc. #18]. On October 24, 2007, the plaintiff filed a Motion to Proceed with Preliminary Injunction Without Payment [Doc. #21]. On October 29, 2007, the district judge denied the plaintiff's

motion for preliminary injunction because the plaintiff failed to allege facts demonstrating that he will suffer irreparable injury if the injunction is not entered [Doc. #23]. On October 30, 2007, I denied as moot the plaintiff's Motion to Proceed with Preliminary Injunction Without Payment [Doc. #25].

On November 7, 2007, the plaintiff filed a second Motion to Proceed with Preliminary Injunction Without Payment [Doc. #26], a second motion for preliminary injunction [Doc. #27], and a "Memorandum of Law" in support of the motion for preliminary injunction [Doc. #28]. On November 13, 2007, he filed a request for information regarding his motion for preliminary injunction [Doc. #32]. I construe the Papers collectively as a motion for temporary restraining order or a motion for preliminary injunction.

It is unclear whether the plaintiff is requesting a temporary restraining order pursuant to Fed.R.Civ.P. 65(b) or preliminary injunctive relief pursuant to Fed.R.Civ.P. 65(a).[1] Regardless, injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). The plaintiff has failed to meet this burden.

Rule 65(b) provides that no temporary restraining order shall be granted without notice to the adverse party unless "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

---

[1]The defendants have not yet answered or otherwise responded to the Amended Complaint, and they have not been served with a copy of the motion for injunctive relief.

To obtain a preliminary injunction under Rule 65(a), the movant must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The movant's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

As a preliminary matter, the plaintiff's motion for injunctive relief does not contain a request for any specific injunctive relief. For this reason alone, the motion should be denied.

The plaintiff bases his motion for injunctive relief on the following allegations:

> Defendants continously [sec] harass and verbally threaten me, and this problem is ongoing. Also, I been [sic] threatened to have my leg's [sic] broken[,] put poison in my food[,] and to be tazed to death.

The plaintiff does not allege who threatened him or when the threats were made. Therefore, it is impossible to determine if he will suffer from irreparable injury if the injunction does not issue. Moreover, he does not make any showing that there is a substantial likelihood he will eventually prevail on the merits of his claims.

I respectfully RECOMMEND that the injunction sought by the Papers be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge