IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01848-WDM-BNB

CLARENCE A. WALKER,

Plaintiff,

v.

CHIEF SPENCE,
CAPTAIN BAY,
LIEUTENANT MARTIN,
SARGEANT WISCAMB,
SARGEANT ASPINOL,
DEPUTY GOFF,
DEPUTY KILLIAM, and
DEPUTY SEXTON,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion to Order Summary Judgement**[] **in Plaintiff** [sic] **Favor** [Doc. #61, filed 11/12/07] (the "Motion"). Despite the title of the Motion, the plaintiff seeks entry of default judgment against the defendants. The Motion consists of the following paragraph:

> Defendants had ample time to respond to plaintiff [sic] summons[.] Plaintiff Clarence Walker has yet to get a [sic] answer from defendants[.] It is obvious and clear that the defendants did in fact recieve [sic] notice to answer to plaintiff [sic] claims and that there is a time line that expires Dec. 9-07[.] Plaintiff moves for a judgement by default against all defendants for this relief demanded in the complaint under rule 4(A) civil procedure.

The record shows that all of the defendants were served on November 19, 2007 [Docs. #39-46]. Under the Federal Rules of Civil Procedure, the defendants were required to answer or otherwise respond to the Complaint within twenty days after being served. The twenty day deadline fell on Sunday, December 9, 2007. Fed.R.Civ.P. 12(a)(1)(A). Because the deadline fell on a Sunday, the defendants were not required to answer until Monday, December 10, 2007. Fed.R.Civ.P. 6(a). The defendants filed an answer on Monday, December 10, 2007 [Doc. #60]. Accordingly, the defendants are not in default. I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 17, 2007.

                                                   BY THE COURT:

                                                   s/ Boyd N. Boland
                                                 United States Magistrate Judge