IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01848-WDM-KMT

CLARENCE WALKER,

    Plaintiff,

v.

CAPTAIN BAY, *et al.*,

    Defendants.

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE
AND MOTIONS FOR PRELIMINARY INJUNCTION**

Miller, J.

    This case is before me on a number of pending motions and recommendations. First, Plaintiff filed a Motion for Preliminary Injunction (Docket No. 26) and Motion for Information on Preliminary Injunction (Docket No. 32). Magistrate Judge Boyd N. Boland issued a recommendation on both of these motions (Docket No. 51) recommending that they be denied. Plaintiff did not file objections to the recommendation. Second, Plaintiff has also filed two additional motions for preliminary injunction (Docket Nos. 100, 121). Defendants responded to the first of these additional motions (Docket No. 113). No recommendation has been issued on these motions, but, as they are similar in nature to Plaintiff other motion for preliminary injunction (Docket No. 26), it is appropriate to address them in this Order. Third, Plaintiff filed a "Motion to Proceed with Temporary Restraining Order Without

PDF Final

Payment" (Docket No. 102). This appears to be a motion for a preliminary injunction or temporary restraining order rather than a motion to proceed *in forma pauperis*. Again, although there is no recommendation on this motion, I conclude that it is appropriate to address it in this Order as it is similar to Plaintiff's other motions. Finally, Plaintiff has also filed a "Motion to Order Summary Judgment in Plaintiff [sic] Favor" (Docket No. 61) which actually appears to be a motion for default judgment. Magistrate Judge Boland recommends that this motion be denied (Docket No. 65). Plaintiff did not file objections to this recommendation.

As Plaintiff did not file objections to either of Magistrate Judge Boland's recommendations, he is not entitled to *de novo* review of these recommendations. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I have reviewed the pertinent portions of the record. For the reasons that follow, the recommendations shall be accepted and Plaintiff's motions for preliminary injunctions or temporary restraining orders shall be denied.

## Background

Plaintiff, an incarcerated prisoner at the Arapahoe County Detention Facility ("ACDF"), filed this case against various prison personnel at ACDF for violations of his constitutional rights for "harrasment [sic], threats, retaliation, because of another civil action that I am litigating." (Am. Compl. (Docket No. 17) at 5.) Plaintiff moves for a preliminary injunction against all Defendants. Plaintiff does not specify exactly what actions he wants enjoined beyond an injunction against Defendants engaging in constitutional violations against him.

Discussion

1.  Preliminary Injunction

    a.  *Standard of Review*

A temporary restraining order[1] or preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006) (internal quotation marks omitted) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). The decision to grant injunctive relief is a matter of discretion. *See Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion).

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp.*, 500 F.3d at 1226 (citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)). Additionally, if the movant can establish that the latter three requirements "tip strongly

---

[1] Although the title of one of Plaintiff's motions seems to indicate that he is seeking a temporary restraining order (*see* Docket No. 102), this motion is essentially exactly the same as Plaintiff's other motions seeking a preliminary injunction. Regardless, however, the standards for the two orders are very similar and I conclude that Plaintiff is not entitled to either one. *See* Fed. R. Civ. P. 64(b) (A temporary restraining order may only enter when "specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.").

in his favor, the test is modified, and the [movant] may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Flowers*, 321 F.3d at 1256 (*quoting Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

However, the following types of preliminary injunctions are disfavored and require that the movant satisfy a heightened burden: (1) a preliminary injunction that disturbs the status quo; (2) a preliminary injunction that is mandatory as opposed to prohibitory; and (3) a preliminary injunction that affords the movant substantially all the relief they may recover at the conclusion of a full trial on the merits. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (citing *SCFC ILC*, 936 F.2d at 1098-99). These situations "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* Moreover, "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms, and may not rely on [the Tenth Circuit's] modified-likelihood-of-success-on-the-merits standard." *Id.* at 976.

With respect to irreparable harm "[t]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original) (quoting *Wis.*

*Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm requires that the injury be "certain, great, actual 'and not theoretical.'" *Id.* (quoting *Wis. Gas Co.*, 758 F.2d at 674). "'Merely serious or substantial' harm is not irreparable harm." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

    b.    *Discussion*

Magistrate Judge Boland recommends (Docket No. 51) that Plaintiff's first pending motion for preliminary injunction (Docket No. 26) and motion requesting information on preliminary injunction (Docket No. 32) be denied. First, Magistrate Judge Boland notes that the preliminary injunction motion should be denied for failure to request specific relief. Although this may be a deficiency in the motion, as Plaintiff is proceeding *pro se*, I agree with Magistrate Judge Boland that addressing the merits of Plaintiff's motion is warranted. Magistrate Judge Boland goes on to recommend denial of Plaintiff's preliminary injunction motion because it is not possible to determine whether Plaintiff will suffer irreparable harm if the injunction is not entered. I agree. Plaintiff's preliminary injunction motion states that he was "threatened to have my leg's [sic] broken, put poison in my food and to be tazed to death"; however, it does not specify the people who have engaged in these actions, the circumstances surrounding the actions, or the dates the events took place. Beyond conclusory allegations regarding the incidents and statements that he fears for his safety, Plaintiff has not clearly and unequivocally demonstrated that he will suffer irreparable harm. Therefore, I agree with Magistrate Judge Boland that the

motion should be denied for failure to demonstrate that the Plaintiff will suffer irreparable injury.

Furthermore, I note that Plaintiff also failed to demonstrate likelihood of success on the merits. Indeed, Plaintiff has presented nothing more than conclusory allegations that the Defendants violated his Eighth Amendment rights. Plaintiff has also failed to demonstrate that the injunction will not adversely affect the public interest. Requiring numerous prison deputies to avoid all contact with a prisoner would certainly adversely affect the public interest of having an efficient and safe jail.

I also note that Magistrate Judge Boland recommends that Plaintiff's request for information on preliminary injunction (Docket No. 32) be denied. Magistrate Judge Boland interpreted this motion as part of the motion for the preliminary injunction. I, however, conclude that this motion should be denied as moot as this Order provides information to Plaintiff regarding his motion for preliminary injunction.[2] Therefore, Magistrate Judge Boland's recommendation (Docket No. 51) shall be accepted as modified such that it reflects all of the manners in which Plaintiff has failed to meet the preliminary injunction standard[3] and denial of Docket No. 32 as

---

[2] The Docket Report indicates that Plaintiff's "Motion to Order/Schedule Hearing on Emergency Preliminary Injunction" (Docket No. 48) is related to Plaintiff's Request for Information. Docket No. 48 includes a memorandum of law and internal grievances that Plaintiff filed with ACDF. Although they are not technically related to Plaintiff's motions for preliminary injunction, I shall consider these items in determining whether Plaintiff is entitled to a preliminary injunction.

[3] I note that Plaintiff is not entitled to a modified standard for likelihood of success on the merits under *Flowers* as the other three factors in the preliminary injunction standard do not "tip strongly in his favor." *Flowers*, 321 F.3d at 1256 (quoting *Davis*, 302 F.3d at 1111). In fact, Plaintiff is likely restricted from using the *Flowers*

moot.

With respect to the other two motions for preliminary injunction (Docket Nos. 100, 121), I conclude that they should be denied for essentially the same reasons as noted *supra* regarding the first motion for preliminary injunction. Although these motions include more detail that the first motion, they still do not demonstrate that Plaintiff will suffer irreparable harm if the injunction does not enter, the likelihood of success on the merits, or that the injunction will not adversely affect the public interest.[4] These motions and the items filed in Docket No. 48 allege that at various times throughout his stay at ACDF the deputies at the facility have called him racial names, threatened that they would "tase [him] to death", told him that they hated him and were angry with him for filing another separate claim against them and the facility, told him that they had the "green light" to do anything they wanted to him including physically assaulting him, denied him toiletries, told other inmates that he is a rapist and/or child molester, denied him food, denied him medications, threatened that they would put poison in his food, "committed a battery on [him] twice", and removed religious items from his cell.

Additionally, Plaintiff alleges that he has been "in the hole on fake and bogus disciplenary [sic] reports at least 8 times repetitiously" (Docket No. 121 at 1), that he

---

modified standard and must actually satisfy a heightened burden as the relief he requests—prohibited contact by numerous ACDF deputies—would disrupt the status quo. *See O Centro*, 389 F.3d at 975.

[4] Although it is likely that Plaintiff must meet the *O Centro* heightened burden, I conclude that Plaintiff's motions fail even if the relief he seeks is not a disruption of the status quo. *See O Centro*, 389 F.3d at 975.

has to see a psychiatrist for mental injuries and emotional distress from the harassment, that he has had his hour per day of outside time continuously taken away, that he has been denied his right to legal calls,[5] and that various Defendants told other inmates and guards that Plaintiff is a "snitch" and a rapist. Plaintiff specifies that Defendant Goff spread rumors about him, told others that he is a "snitch" and a rapist, often yells through the intercom continuously into Plaintiff's cell, denied Plaintiff toilet paper, filed false disciplinary reports about Plaintiff, told other deputies to not do anything for Plaintiff including bringing him a small bread plate, and told another deputy to "start moving Walker from cell to cell." (Docket No. 100.) He further claims that he has had "repeated instances of violence and retaliatory confrontation with Defendant Goff." *Id.* Finally, Plaintiff claims that he is "being killed slowly", *id.*, and is being subjected to "violent altercation by the Defendants" (Docket No. 121).

Again, I conclude that Plaintiff has not demonstrated that he will suffer irreparable injury if the injunction does not issue. Although Plaintiff alleges a number of harms he has been subjected to, they do not amount to the type of irreparable harm required to issue a preliminary injunction. Indeed, I conclude that Plaintiff has failed to demonstrate that any harm is imminent and "certain, great, actual 'and not theoretical." *See Heideman*, 348 F.3d at 1189 (quoting *Wis. Gas Co.*, 758 F.2d at

---

[5] Plaintiff alleges that on March 26, 2008 at approximately 3:00 p.m. he requested a legal call but was denied by Deputy Bohm. (*See* Docket No. 100). The allegations, although specific with respect to date and alleged offender, do not specify the circumstances surrounding the denial nor reflect anything more than an isolated incident.

674).  In particular, I note that Plaintiff provides no specific information regarding any physical threat to his safety at the ACDF.  The alleged threats of being "tased to death" or poisoned food are insufficient to create an imminent and certain risk of harm.  I also note that although Plaintiff alleges that he is in danger of being harmed by other prisoners as a result of being labeled a snitch and a rapist, Defendants state, and Plaintiff's own allegations support, that Plaintiff is in administrative segregation and does not interact with the general detention facility population.  Furthermore, Plaintiff has also failed to demonstrate that the injunction would not adversely affect the public interest or his likelihood of success on the merits.[6]  Therefore, I conclude that Plaintiff's motions for preliminary injunction should be denied.

      Finally, I conclude that Plaintiff's "Motion to Proceed with Temporary Restraining Order Without Payment" (Docket No. 102) should be denied.  To the extent this motion is a motion to proceed *in forma pauperis*, it is moot as Plaintiff has already been granted such leave.  (*See* Docket No. 12.)  To the extent this motion is a motion for a temporary restraining order or preliminary injunction, it fails for the same reasons that Plaintiff's other motions for preliminary injunction fail.  The majority of the filed motion is made up of a number of state district court forms for motions for civil protection orders that Plaintiff has filled out but that have not been signed by the state district court.  The forms allege that Defendants yell at Plaintiff

---

[6] Again, I note that Plaintiff is not entitled to the *Flowers* modified standard for likelihood of success on the merits.  *See supra* note 3.

over the intercom and threaten Plaintiff with physical harm including tasing to death. These allegations, however, are insufficient to carry Plaintiff's burden for either a preliminary injunction or a temporary restraining order as they fail to demonstrate irreparable harm. Therefore, the motion shall be denied.

2. Motion for Summary Judgment

Magistrate Judge Boland recommends that Plaintiff's "Motion to Order Summary Judgment, in Plaintiff [sic] Favor" (Docket No. 61) be denied. As I have already noted *supra*, although the motion is titled as a motion for summary judgment, it appears to be a motion for default judgment. Plaintiff alleges that Defendants did not answer his complaint within twenty days after being served on November 19, 2007 and, therefore, he is entitled to default judgment. See Fed. R. Civ. P. 12(a)(1)(A) (requiring an answer within twenty days of service). However, December 9, 2007, twenty days after the date of service, fell on a Sunday, making the actual due date the following Monday. See Fed. R. Civ. P. 6(a)(3). Defendants timely filed their answer on Monday, December 10, 2007. Therefore, I agree with Magistrate Judge Boland that Plaintiff's motion should be denied as Defendants timely answered the complaint.

3. Conclusion

I have reviewed the legal authorities relied upon by Magistrate Judge Boland and discern no error. Therefore, I agree with Magistrate Judge Boland's recommendations as modified. Additionally, I conclude that Plaintiff's other motions for a preliminary injunction or temporary restraining order should also be denied.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland (Docket Nos. 51) is accepted as modified.

2. Plaintiff's Motion for Preliminary Injunction (Docket No. 26) is denied.

3. Plaintiff's Request for Information on Preliminary Injunction (Docket No. 32) is denied as moot.

4. Plaintiff's Motion for Emergency Preliminary Injunction (Docket No. 100) is denied.

5. Plaintiff's Motion to Order Injunction (Docket No. 121) is denied.

6. Plaintiff's "Motion to Proceed with Temporary Restraining Order Without Payment" (Docket No. 102) is denied.

7. The recommendation of Magistrate Judge Boland (Docket No. 65) is accepted.

8. Plaintiff's "Motion to Order Summary Judgment, in Plaintiff [sic] Favor" (Docket No. 61) is denied.

DATED at Denver, Colorado, on September 2, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge