IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01848-WDM-KMT

CLARENCE A. WALKER,

    Plaintiff,

v.

CHIEF, SPENCE,
CAPTAIN, BAY,
LIEUTENANT MARTIN,
SARGENT (sic) WISCAMB,
SARGEANT ASPINOL,
DEPUTY GOFF,
DEPUTY KILLIAM, and
DEPUTY SEXTON,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Motion to Leave to File an Amended Complaint to Demand Trial by Jury" (#158, filed October 15, 2008) and "Motion for Leave to File an Amended Complaint Pursuant to Rules 15(A), and 19(A), of the Fed. R. Civ. P. to Add New Defendants, as Follows:" (#159, filed October 15, 2008). It appears Plaintiff wants to amend his complaint by asking for a trial by jury and adding additional defendants. The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant

the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims. Here, the plaintiff does not detail why it is necessary to amend his complaint to ask for a trial by jury, why the defendants he wishes to include with his complaint are necessary, nor does he attach a proposed amended complaint to his motions. As a result, it is impossible to determine if the proposed amendments are permissible. Therefore, it is

ORDERED that Plaintiff's motions (#158 and #159) are **DENIED** without prejudice.

In addition, Plaintiff failed to confer with Defendants before filing his present motions. The Tenth Circuit has cautioned that pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)). The Local Rules of Practice for the District of Colorado (effective April 15, 2002 with updates through January 1, 2008) require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997).

Furthermore, Fed. R. Civ. P. 5(a)(1) requires that any pleading filed after the original complaint and any written motion be served on any party. Plaintiff did not serve his motions on Defendants. Any further documents filed by Plaintiff not served on Defendants may be stricken.

Dated this 17th day of October, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge