IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01848-WDM-KMT

CLARENCE A. WALKER,

    Plaintiff,

v.

CHIEF SPENCE,
CAPTAIN BAY,
LIEUTENANT MARTIN,
SARGEANT WISCAMB,
SARGEANT ASPINOL,
DEPUTY GOFF,
DEPUTY KILLIAM, and
DEPUTY SEXTON,

    Defendants.

## ORDER

This matter is before the court on the motions for appointment for counsel (Doc. Nos. 164, 168, and 173 filed October 21, 2008; October 31, 2008; and November 21, 2008, respectively). The plaintiff seeks appointment of counsel to represent him in this matter. Although the court notes Mr. Walker's October 31, 2008, filing in entitled "Motion for Leave of the Court Under the 5th Amendment to the Constitution, Self Incrimination, and Severe Mental Disorders," the court construes the filing as a motion to appoint counsel. The court notes the November 21, 2008, motion was written by another inmate on Mr. Walker's behalf, because Mr. Walker "cannot move his fingers even to write a letter because it is painful." However, the court

has received a motion filed and apparently written by Mr. Walker since that date. The court also notes that Mr. Walker has attached a discovery request to his October 21, 2008, motion, and he states he is not able to conduct effective and meaningful discovery without counsel.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. This court does have broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). However, in making this decision, the court consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince the court that the plaintiff's chances of succeeding on the merits are strong. Consequently,

IT IS ORDERED that the motions (Doc. Nos. 164, 168 and 173) are DENIED.

Dated this 16th day of January, 2009.

                                                     **BY THE COURT:**

                                                     Kathleen M. Tafoya
                                                     United States Magistrate Judge